IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DOUGLAS MURRAY SANDERS,

      Plaintiff,

v.                                                     Civ. No. 1:21-cv-01019 MIS/SCY

SANTA FE GOLD CORPORATION and
MINERAL ACQUISITIONS, LLC,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for a Civil Case Alleging Breach of Obligations, Doc. 1, filed October 20, 2021 ("Complaint").

Plaintiff alleges he was engaged as the "exclusive representative for marketing and sale of mining properties in Grant County, New Mexico," and that Defendants have failed to comply with their obligation to pay Plaintiff the commission on the sale of the properties. Complaint at 3. Plaintiff asserts that the Court has jurisdiction over this matter based on diversity of citizenship, 28 U.S.C. § 1332. *See* Complaint at 1.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988)).

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff that the Complaint does not allege facts sufficient for diversity jurisdiction, stating:

> Plaintiff properly provides his state of citizenship (Arizona) and that of Defendant Santa Fe Gold Corporation (incorporated in Delaware and principal place of business in New Mexico). Doc. 1 at 2. However, for Defendant Mineral Acquisitions, a limited liability company, he states only that it is organized under the laws of New Mexico and has its principal place of business in New Mexico. Doc. 1 at 3. Determining the citizenship of a limited liability company ("LLC") is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) (remanding to the district court to determine the citizenship of all the members of the plaintiff limited liability company); *see also* NMSA § 53-19-7 (an LLC is an association of persons).

Doc. 4 at 2–3, filed October 22, 2021.  Judge Yarbrough ordered Plaintiff to amend his Complaint to allege facts sufficient for diversity jurisdiction and notified Plaintiff that if he does not file an amended complaint by November 19, 2021, the Court may dismiss this action without prejudice.  Plaintiff did not file an amended complaint by November 19, 2021.

The Complaint does not allege facts showing there is a basis for jurisdiction.  To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir. 2006).  "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant."  *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).  Plaintiff has not alleged the citizenship of Defendant Mineral Acquisitions, LLC.  There is no federal question jurisdiction because the Complaint does not allege that this action arises under the Constitution or laws of the

United States.  *See* 28 U.S.C. § 1331.  Consequently, the Court does not have jurisdiction over this action.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (federal courts "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE